UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DARYL KEITH HOLTON

   Petitioner,

v.             1:05-cv-202

RICKY BELL, Warden,

   Respondent.

## MEMORANDUM AND ORDER

  This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. §2254; the petitioner is incarcerated on death row. The matter is before the court on the motion for discovery and to reschedule evidentiary hearing, filed by Stephen A. Ferrell with the Federal Defender Services of Eastern Tennessee, Inc. Mr. Ferrell was appointed counsel for Mr. Holton for the limited purpose of addressing pending motions. For the following reasons, the motion [Court File No. 33] is **DENIED**.

  On July 31, 2006, the court held a hearing on pending motions, including the Federal Defender's motion for an order requiring Daryl Keith Holton to meet with psychological expert Dr. George Woods for a mental evaluation as to Mr. Holton's competency to proceed in habeas corpus litigation. At that time, the court determined it was necessary to have Mr.

Holton evaluated by the court's independent expert as to Mr. Holton's competency to choose not to seek federal habeas corpus review of his death sentence.

Thus, by order entered August 2, 2006, the court appointed Dr. Bruce G. Seidner, a clinical psychologist, to perform a psychological evaluation to determine (1) whether Mr. Holton suffers from a mental disease, disorder, or defect; (2) whether a mental disease, disorder, or defect prevents Mr. Holton from understanding his legal position and the options available to him; and (3) whether a mental disease, disorder, or defect prevents Mr. Holton from making a rational choice among his options. The court then scheduled the matter for further hearing on September 5, 2006, by which time Dr. Seidner will have filed his written evaluation.

In the motion for discovery and to reschedule evidentiary hearing, Mr. Ferrell takes the position that the court, by its order of August 2, 2006, "implicitly recognized that counsel for Holton had met the burden for a full evidentiary hearing under *Harper v. Parker*, 177 F.3d 567, 572 (6th Cir. 1999)." According to Mr. Ferrell, such a hearing should be conducted pursuant to 18 U.S.C. §§ 4241-4247. Mr. Ferrell thus contemplates that the hearing on September 5, 2006, will be a full evidentiary hearing as to Mr. Holton's competency. To that end, Mr. Ferrell contends he is entitled to discovery so that he may be fully prepared at the competency hearing to question witnesses and to challenge or defend the opinion of the court's expert. The court disagrees with Mr. Ferrell's position.

2

In *Harper v. Parker*, Mr. Harper sought to waive his federal habeas corpus proceedings. The district court held a hearing to determine whether there was reasonable cause to believe that Harper was suffering from a mental disease or defect rendering him mentally incompetent to do so. At the conclusion of the hearing, the district court concluded there was no evidence to suggest reasonable cause to believe that Harper was incompetent, and the court dismissed the case. The court's conclusion was based primarily upon a recent evaluation of a neuropsychologist and upon Harper's own testimony.

In affirming the district court's decision, the Sixth Circuit noted that the district court "properly held a preliminary hearing to inquire into whether there was 'reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent' to waive his right to further appeals." *Harper v. Parker*, 177 F.3d at 571. Finding that the district court did not err in its conclusion that there was no reasonable cause to believe incompetence, the Sixth Circuit found there was no "statutory right to a full evidentiary hearing on Harper's competence." *Id*.

In this case, Mr. Ferrell filed the affidavit of Dr. George W. Woods, Jr., who performed a preliminary neuropsychiatric evaluation of Mr. Holton at Mr. Ferrell's request, and who gives his preliminary opinion that Mr. Holton may be suffering from a mental disease or defect rendering him mentally incompetent. Dr. Woods' affidavit is a *suggestion* of incompetence and for that reason the court appointed its own independent expert to evaluate Mr. Holton as to his competency. This court has certainly not found, either explicitly or implicitly, that there is *reasonable cause* to believe Mr. Holton is incompetent.

The hearing on September 5, 2006, is in effect a continuance of the preliminary hearing as to Mr. Holton's competence commenced on July 31, 2006. Dr. Seidner will be available at that time for examination by counsel for the parties. At this juncture in the proceedings, however, Mr. Ferrell has not met the burden for a full evidentiary hearing on competence, as such is contemplated under *Harper v. Parker*, and he is not entitled to discovery at this time.

**E N T E R:**

　　　　　　　　　　　　　　　　　　　　s/ Thomas W. Phillips
　　　　　　　　　　　　　　　　　　　　United States District Judge