UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA


DARYL KEITH HOLTON,

    Petitioner,

v.                        1:05-cv-202

RICKY BELL, Warden,

    Respondent.


**MEMORANDUM AND ORDER**


This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. §2254; petitioner Daryl Keith Holton is incarcerated on death row. There is presently pending before the court a motion to alter or amend or for relief from judgment. For the following reasons, the motion [Court File No. 51] is **DENIED WITHOUT PREJUDICE**.

The Federal Defender Services of Eastern Tennessee, Inc. (FDS) filed this petition on behalf of Holton without his agreement to do so and the court dismissed the habeas corpus petition as unauthorized. The FDS appealed that decision to the United States Court of Appeals for the Sixth Circuit, together with a motion for stay of execution. On September 18, 2006, the Sixth Circuit granted the motion for stay of execution. As part of its reasoning

for granting the stay, the Sixth Circuit noted that Holton had himself filed an original petition for writ of habeas corpus in the United States Supreme Court, in which Holton requested a stay of execution and raised new issues for consideration.

In the meantime, the FDS has filed in this court a motion to alter or amend or for relief from judgment, pursuant to Fed. R. Civ. P. 59(e) and 60(b), from the final order entered by this court which dismissed the unauthorized petition. The FDS asks this court to allow Holton to amend the habeas corpus petition in order to pursue relief on the grounds he has raised in the United States Supreme Court.

The court has already ruled that the FDS lacks authority to act for Holton. Furthermore, because there is an appeal pending, this court lacks jurisdiction to consider the motion filed by the FDS. *Lewis v. Alexander*, 987 F.2d 393, 394 (6th Cir. 1993) ("As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court."). *See also First National Bank of Salem, Ohio, v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976) (where a party seeks to file a Rule 60(b) motion, but already has an appeal pending, the party should file the motion in the district court; "[i]f the district judge is disposed to grant the motion, he may enter an order so indicating and the party may then file a motion to remand" in the appellate court). The court is not inclined to grant the FDS's motion at this time.

In addition, because the Rule 60(b) motion asserts new claims for habeas corpus relief, it constitutes a second or successive habeas corpus petition, which this court cannot consider

absent authorization from the Sixth Circuit. 28 U.S.C. § 2244(b)(3). *See Gonzalez v. Crosby*, 125 S. Ct. 2641, 2647 (2005); *Henderson v. Collins*, 2006 WL 1675074 *1 (6th Cir. June 9, 2006); *In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005); *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005). Accordingly, the motion to alter or amend or for relief from judgment is **DENIED WITHOUT PREJUDICE** so that the FDS can raise the issue with the Sixth Circuit.

**E N T E R:**

s/ Thomas W. Phillips
United States District Judge